GRAHAM WARING v. THE STATE.

No. 4374. Decided February 28, 1917.

**Carrying Pistol—Wife Desertion—Evidence—Divorce—Details of Action—Offense.**

Upon trial of unlawfully carrying a pistol, where the facts showed substantially that defendant and his wife had separated by an agreement, and that on the particular occasion when seen with the pistol he had obtained permission from her to call, testimony giving the detail that defendant was charged with wilfully deserting his wife, etc., in connection with this matter, and which assumed a wide range, was inadmissible, and in the instant case, reversible error, as were likewise the facts concerning a threatened divorce suit, as the issue was sharply drawn between the State and the defendant as to whether he carried a pistol at the time alleged.

Appeal from the County Court at Law of Harris. Tried below before the Hon. Murray B. Jones.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, *John H. Crooker,* and *E. T. Branch,* for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of carrying a pistol in violation of. the law, his punishment being assessed at a fine of one hundred dollars.

The facts show, substantially, that he and his wife had separated by an agreement, and that he was paying her so much money a month. That on the particular occasion, before going to the residence of his wife, he called her over the telephone and obtained her permission to call. After supper he did call, and the State's theory, supported by one witness, is that appellant had the pistol at the residence of his wife. They were living separately, she in a house occupied by herself and two children, and he in another place in a different part of the City of Houston. He had been furnishing her money, after their agreement to separate, for several months, and until some time in September. Along about November he began furnishing her money again, and his testimony shows he was dividing his salary between himself and his wife, who had the two children, one two years of age and the other about four months old. Appellant denied having the pistol at the time and place, and supported this by other evidence. The issue was squarely drawn on the facts.

It seems that some time after September appellant was charged with wilfully deserting his wife under the statute which defines it to be a criminal offense to desert and fail to support a wife and children. The State introduced the fact that he was under such criminal accusation, and quite a lot of testimony in connection with this matter. In regard to this question the facts assumed a wide phase. We are of opinion this testimony was not admissible except the fact they were living apart. It had no bearing upon or relation to the fact that he did or did not carry a pistol. The fact that he was living apart from his wife and children had some bearing upon the case, for it brought in review the question as to whether or not he had a right to have a pistol where his wife resided, they being undivorced. But the details showing his alleged desertion of his wife could not have any relation to or bearing upon the fact that he had a pistol at her house. If he had it there, and he was living to himself in a home and she in her home to herself, it might not justify him in carrying a pistol to her place of residence under the circumstances. There was also divorce or threatened divorce proceedings looking to a final separation between them. There are several bills of exception with reference to the question of desertion of his wife brought into the case; not only the fact of the pendency of the prosecution, but much of the details and matters of that sort were admitted, and why he had deserted his wife, and also facts showing that he had done so. The opinion will not deal with the details of these different bills of exception, but will dispose of the case on the gen-

eral statement that those matters had no place in the prosecution and ought not to have been introduced. The issue was sharply drawn between the State and defendant as to whether he had the pistol. One witness testifies that he did; other witnesses testified that he did not, and defendant swore positively that he not only did not have a pistol but did not own one. With this general disposition of the case, we order a reversal of the judgment of conviction, and will say that the matters with reference to the prosecution for a desertion should not be permitted to enter into the case upon another trial. If appellant had the pistol he had it; if he did not have it, he did not have it, and what light the fact that he was being prosecuted for deserting his wife had upon this, is not readily understood. It was clearly detrimental and injurious.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*